# Settlement `External` Inbox ×

**Tom** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
to ▓▓▓▓▓

Mon, 15 May 2023, 15:34

To confirm our discussion ▓▓▓▓▓▓ would receive $75,000 from Ricky and Myra. In addition, ▓▓▓▓▓▓ would receive $10,000 to be applied to attorney fees and I would write off the remainder of the balance of any fees. Bottomline, ▓▓▓▓▓ gets its 75k. Mutual releases between all parties related to Protech sale only. You would be free to sue on the wanted poster issues. We withdraw our Motion to Dismiss and Motion for a Trustee to be appointed. Ricky would inform the DA he wants to drop the worthless check charges. Both parties would dismiss their 50 c complaints with prejudice. I will let you know when I hear back. As we discussed, there is a possibility that an Adversary Proceeding is initiated in the bankruptcy court if it is determined that ▓▓▓▓▓ improperly removed funds etc. I know you have a defense for any claim. Told them we must hear back by 5pm today.

On Tue, May 23, 2023 at 9:07 AM Tom ████████████████████ wrote:

I am getting push back on the wanted poster issue . They are insisting on all claims

Get Outlook for iOS

--

**Tom** ████████████                                    Tue, 23 May 2023, 09:14  ☆  ↵  ⋮
to ██████

I will get you my revisions and some of yours shortly. Look for an email from Larisa. I have an appointment out of the office but should return around 11am and will give you a call. To clarify, the payment of the 80k does waive/release claims against Hall individually for the fraud/ misrepresentation about ownership. The wanted poster issue is not being released and I am not sure why it was not carved out. My revisions address that issue. ████████████████████

████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

•••

↵ Reply    ⇜ Reply to all    → Forward    ⬇

Below is a snapshot of a

'wanted' poster sent to all employees / workplaces under RB ownership



Below is a thread of email that was between Rick Hall and the main billing manager for all of the healthcare sites that RB owned. Rick Hall was working with Sharon to get photos and create the wanted poster. Sharon had information on all the sites owned by miss RB so it was easy for her to spread the poster.

| | |
|---|---|
| **From:** | Rickey <rickey@carolina.net> |
| **Sent:** | Tuesday, April 18, 2023 3:45 PM |
| **To:** | Donna |
| **Subject:** | Fwd: pricture of ruth |

**Flag Status:** Flagged

AKA. Lesly Lopez / Ruth Berenstein sp.?

Sent from my happy place

Begin forwarded message:

> **From:** sharon <sharon@statmedical.net>
> **Date:** April 18, 2023 at 2:44:16 PM EDT
> **To:** rickey@carolina.net
> **Subject: pricture of ruth**
>
>
> See attached
>
>
>
> Sincerely,
>
> Sharon Hollander   <u>Click here</u> to upload files.
> President, STAT Medical Consulting, Inc
> (818) 907-7828  fax (818) 907-6157
> www.statmedical.net
>
> **GSA Advantage!**®
> California Small Business Certification: 2010784
> facebook: statmedicalca
> facebook: Authorsharonhollander
> twitter: @hollandersharon
> Author: Medical Billing Horror Stor



Below is a snapshot of Rick Hall's friend Jimmy leaving us a negative review **<u>for absolutely no reason</u>**. And then changing it when the business goes back to Rick Hall.



During RB ownership



After RB ownership

DocuSign Envelope ID: 00DA180D-D8D9-431D-A381-D90E8F901541

4. Inspection will be made by the Client at the time and place of delivery.

## Claims

5. The Client's failure to give notice of any claim within 10 days from the date of delivery will constitute an unqualified acceptance of the Goods and a waiver by the Client of all claims with respect to the Goods.

## General Provisions

6. This Agreement will be governed by and construed in accordance with the laws of the State of North Carolina, including the North Carolina Uniform Commercial Code and the Seller and the Client hereby attorn to the jurisdiction of the Courts of the State of North Carolina.

**IN WITNESS WHEREOF** the parties have executed this Sales Agreement on this <u>17th</u> day of <u>August</u>, <u>2022</u>.

DocuSigned by:

*Ruth Bernstein*

9C1C9EEB22274DB...

Protech Metals LLC (Seller)

DocuSigned by:

*keshava Aswath*

C9d9F427ACD14D4...

Danao Living (Client)

DocuSign Envelope ID: 00DA180D-D8D9-431D-A381-D90E8F901541

## Sales Agreement

**THIS SALES AGREEMENT (the "Agreement") dated this 11 day of ,August 2022**

**BETWEEN:**

Protech Metals LLC of 3619 Murdocksville rd, West End, NC 27376
(the "Seller")

OF THE FIRST PART

- AND -

Danao Living of 2 Tree Farm Rd suite b-300, Pennington, NJ 08534
(the "Client")

OF THE SECOND PART

**IN CONSIDERATION OF THE COVENANTS** and agreements contained in this Sales
Agreement the parties to this Agreement agree as follows:

**Sale of Services**

1. The Seller will provide services and packaging to Client commencing 8/17/2022 (the
   "Goods"):

**Purchase Price**

2. The Client will accept the Goods and pay for the Goods with the sum of $89,000 (USD)
   (the "Purchase Price"), paid as follows:

   a. initial deposit of $13,350 after completion of the first batch and

   b. the remainder of the Purchase Price by bank draft within 15 days of delivery by the
      Seller.

**Delivery of Goods**

3. The Goods will be deemed received by the Client when delivered to the Buyer at
   3031 1st Ave Ct SE, Hickory, NC 28602. The method of shipment will be within the discretion
   of the Client.

**Inspection**



Below is just a **small snapshot** of the lead generation work done on Protech Metals LLC (all original reports and files are available)

RE: Paint issue rectification



More than 177 paint suppliers called and emailed

NORTH CAROLINA

MOORE COUNTY

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This MUTUAL RELEASE AND SETTLEMENT AGREEMENT (hereinafter referred to as the "**Agreement**") is made and entered into as of May 26, 2023 (the "**Effective Date**") by and between William Rickey Hall and Myra D. Hall, solely in their individual capacities (hereinafter collectively referred to as the "**Halls**") and Ruth Berenstein ("**Berenstein**") and Accessheat, Inc. ("**Accessheat**") (Berenstein and Accessheat are hereinafter collectively referred to as the "**Accessheat Parties**"). The Halls, Berenstein, and/or Accessheat may be referred to each individually as a "**Party**," or collectively as the "**Parties**."

## W I T N E S S E T H

**WHEREAS**, William Rickey Hall and Accessheat signed certain documents on or about June 9, 2022 which relate to the ownership of Protech Metals, LLC;

**WHEREAS**, as a result of a dispute over the ownership of Protech, the Halls and Protech have asserted certain claims against Accessheat and Berenstein in conjunction with that certain civil action currently pending in Moore County Superior Court entitled *Myra D. Hall, William Rickey Hall, and Protech Metals, LLC v. Accessheat, Inc. and Ruth Berenstein,* 22 CVS 884 (the "**Civil Action**");

**WHEREAS**, during the pendency of the Civil Action, William Rickey Hall filed a petition for Protech to obtain relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina, entitled *In re: Protech Metals, LLC,* Case No. 23-80078 (the "**Bankruptcy Proceeding**");

**WHEREAS**, Accessheat appeared in the Bankruptcy Proceeding, disputed the true ownership of Protech, and filed a Motion to Dismiss the Bankruptcy Proceeding and, alternatively, a Motion to Remove the Debtor in Possession (collectively the "**Motions**"); and

**WHEREAS**, the Parties have agreed to settle all matters and things in dispute between them;

**NOW, THEREFORE,** in consideration of the premises and mutual promises herein contained, it is agreed as follows:

## 1. MUTUAL GENERAL RELEASES

As a material inducement to each of the Parties to enter into this Agreement (on behalf of himself, herself, itself, its parent corporations, subsidiaries or affiliates, and the directors, officers, advisors (current and former) managers, employees, former employees, attorneys and agents of any of them), effective upon execution of this Agreement by all Parties and upon irrevocable receipt of payment of the Settlement Sum (as herein defined) by the Accessheet Parties and their counsel, the Parties do hereby irrevocably and unconditionally release, acquit and forever discharge each other and their respective successors and/or assigns, as well as any and all of their current and former parents, subsidiaries and affiliates, as well as all other current and former directors, officers, managers, employees, attorneys, insurance carriers, or agents, and all persons acting by, through, under or in concert with any of them (whether in their professional or individual capacities) from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, arising out of or related to any act, omission, event, fact or thing ("Claim" or "Claims") that existed or occurred on or prior to the Effective Date of this Agreement, including, but not limited to, any claims for damages, attorneys' fees, costs, wages, benefits, or any other form of compensation arising out of the Parties' dealings or from any alleged violation of any federal, state or other governmental statute, regulation, or ordinance, including, without limitation, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-1 *et seq.*; the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; the Consolidated Omnibus Budget Reconciliation Act; or any contract, tort or other legal duty arising under the laws of the State of North Carolina, or the laws of any other state, the laws of the United States, or the common law, which either of the Parties now have, own or hold, or claim to have, own or hold against the other, or which either Party at any time heretofore had, owned, or held, or claimed to have, own or hold against the other. All Parties hereto agree that this is a final settlement of disputed claims and no liability of any kind is admitted hereby.

## 2.  CLAIMS BY OR AGAINST PROTECH NOT AFFECTED

The Parties expressly acknowledge and agree that Protech **is not** a party to this Agreement, nor does this Agreement contemplate or require the disposition of any Claims held by, or against, Protech, including any Claim held by any Party solely as a member of or derivatively through Protech. Nothing in this Agreement shall be construed as, or deemed to be evidence of, any legal effect on Protech whatsoever, including the release by any Party to this Agreement of any Claim it may have against Protech. Similarly, nothing in this Agreement shall be construed as, or deemed to be evidence of, any release by Protech of any Claim it may have against any Party to this Agreement, or any other person or entity.

The Parties expressly acknowledge and agree that neither this Agreement, nor any action called for hereunder, shall limit the ability of Protech or the Trustee to pursue claims against any Party in or through the Bankruptcy Proceeding, or otherwise. The Parties agree that they will not take the legal position, in the Bankruptcy Proceeding or any other legal proceeding, or otherwise, that this Agreement, or any action called for hereunder, affected any right or ability of Protech to purse any claim against any Party, or anyone else.

## 3.  SETTLEMENT PAYMENT

In consideration for the Mutual General Releases described above and the withdrawal of the Motions by the Accessheat Parties, without prejudice, the Halls shall pay the Accessheat Parties and their counsel a total sum of $80,000 (the "**Settlement Sum**") in immediately available funds in the manner described in section ~~10~~ below, which payment shall be received by Accessheat's counsel simultaneously with the execution of this Agreement.

## 4.  NO ADMISSIONS

Nothing in this Agreement shall be construed as, or deemed to be evidence of, any admission on the part of any Party of any liability or wrongdoing whatsoever, by whom all such wrongdoing and/or liability is denied.

## 5.  DISMISSAL OF CIVIL ACTION

Upon execution of this Agreement, and within five (5) business days of receipt and clearing by the Accessheat Parties' counsel of the Settlement Sum, the Halls agree to file a stipulation of dismissal with prejudice of their Claims pending in the Civil Action.

6. **WITHDRAWAL OF MOTIONS AND NO OPPOSITION IN THE BANKRUPTCY PROCEEDING**

Upon execution of this Agreement, and within five (5) business days of receipt and clearing by the Accessheat Parties' counsel of the Settlement Sum, the Accessheat Parties agree to withdraw their pending Motions in the Bankruptcy Proceeding and further agree that they will not oppose the Bankruptcy Proceeding. The Accessheat Parties' withdrawal of their Motions shall be without prejudice to re-file in the event that the Settlement Sums are not paid. The Halls' failure to pay the Settlement Sums shall be the sole and exclusive basis upon which the Accessheat Parties may re-file their Motions.

7. **WITHDRAWAL OF ALL OTHER CIVIL AND CRIMINAL PROCEEDINGS**

Upon execution of this Agreement, and within five (5) business days of receipt and clearing by the Accessheat Parties' counsel of the Settlement Sum, the Parties agree to withdraw, dismiss, or request the withdrawal of any other criminal proceeding currently pending in the state courts of North Carolina. Specific reference is made to the following known pending matters to which this release applies: (1) any criminal complaints filed or initiated by William Rickey Hall against Berenstein for alleged issuance of worthless checks (23CR 247423 pending in Moore County); and (2) any criminal or civil complaint instituted under Chapter 50B or 50C of the North Carolina General Statutes by Berenstein against William Rickey Hall. The foregoing list is intended to be merely illustrative and not exhaustive. To the extent any other pending criminal or civil matters exist between the Parties, those matters should be dismissed or withdrawn by the complaining Party.

8. **DISCLAIMER OF OWNERSHIP**

The Parties acknowledge and agree that all prior agreements involving Accessheat related to the ownership of Protech, including, but not limited to, that certain Purchase Agreement dated June 9, 2022, by and between Accessheat and Protech and that certain Share Transfer Agreement dated June 9, 2022, by and between Accessheat and William Rickey Hall, to the extent enforceable, no longer have legal force or effect.

The Accessheat Parties expressly disclaim any membership interest in Protech. The Accessheat Parties stipulate and agree that they will not, either in the Bankruptcy Proceeding or any other legal proceeding, or otherwise, ever maintain or represent that they were ever the legal owners of Protech.

9.  **TAXES**

In furtherance of this Agreement, the Halls, acting individually and not on behalf of Protech or any other individual or entity, shall issue two certified bank checks to transfer funds in the total amount of $80,000.00, both of which will be directed to the Trust Account of Van Camp, Meacham & Newman, PLLC. One certified bank check will be in the amount of $75,000 and is for payment from the Halls to the Accessheat Parties. The other certified bank check will be in the amount of $5,000 and is payment from the Halls to the law firm of Van Camp, Meacham & Newman, PLLC as payment toward the Accessheat Parties' legal fees. No other income to the Accessheat Parties accrues as a result of this settlement or Agreement, nor is any imputed hereby. Nonetheless, the Accessheat Parties warrant and agree that, to the extent that this Settlement Sum, or any part of this Settlement Sum, constitutes income for tax purposes, they will report such amount on all federal and state income tax returns and on any other return or report which may be required by law; the Accessheat Parties are solely responsible for paying to the appropriate agency the appropriate amount of federal and state taxes and social security tax due thereon that they may owe in the tax year when such returns or reports and payments are due; and they acknowledge that nothing in this Agreement shall be construed to impose any responsibility and/or liability whatsoever upon the Halls for any taxes owed by the Accessheat Parties as a result of their receipt of the Settlement Sum, or otherwise.

10.  **TERMINATION OF LEASE AGREEMENT**

Contemporaneous with the execution of this Agreement, Accessheat will execute a termination of lease and mutual release of all claims with WRH Holdings LLC.

11.  **NO OTHER REPRESENTATIONS OR OBLIGATIONS**

The Parties represent and acknowledge that in executing this Agreement they have not relied upon any representation or statement not set forth in this Agreement made by any other Party or by any of its agents, representatives, contractors, insurance carriers, or attorneys, with regard to the subject matter, basis or effect of this Agreement, or otherwise.

12.  **AUTHORITY TO SETTLE CLAIMS AND RELEASE**

The Parties represent that: (i) they each have the authority to settle the Claims in the manner herein on behalf of himself, herself, and/or itself and; (ii) that they have not assigned the rights to any of the Claims against the other and; (iii) that they have full and complete authority to provide the releases herein.

13.  **CONFIDENTIALITY**

The Parties further agree that the terms and conditions set out in this Agreement shall be and remain strictly confidential, only to be disclosed to their respective attorneys, accountants, tax advisors, or to a court of competent jurisdiction, and that such confidentiality is a material condition of this Agreement and the payments specified herein. The Parties may state that they have settled all Claims, the terms and conditions of which are subject to a confidentiality provision.

### 14. SOLE AND ENTIRE AGREEMENT

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. The Parties hereto further agree and affirm that this is a full and final settlement of disputed Claims, that no Party admits any breach, wrongful act or violation of regulatory or statutory requirement, and that this Agreement is executed for the sole purpose of extinguishing any Claims the Parties may have against each other, which Claims are expressly denied.

### 15. CHOICE OF LAW AND VENUE

The Parties agree that this Agreement is governed by the laws of the State of North Carolina. The Parties further agree that any dispute arising from or related to this Agreement shall be brought in the appropriate Court sitting in North Carolina, which Court shall be the sole and exclusive jurisdiction for any such dispute.

### 16. KNOWING WAIVER

The Parties agree that they have been given the opportunity to consider the terms of this Agreement, with the advice and assistance of legal counsel of their choosing, and that the signatures below indicate their understanding of the contents of this Agreement and that they execute this Agreement freely and voluntarily.

### 17. COUNTERPARTS

This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or digital copy in portable document format or other accepted digital format of the fully executed Agreement shall be deemed an original and may be used for all purposes that the original document itself could be used.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, we have hereunto set our hands as of the Effective Date set forth hereinabove.

ACCESSHEAT, INC

_Myra D. Hall_    05/25/2023
Myra D. Hall       Date

By: _Ruth Berenstein_   05. 26. 23

Ruth Berenstein, Partner

_William Rickey Hall_   5/25/2023
William Rickey Hall    Date

_Ruth Berenstein_   05.26.23

Ruth Berenstein

_Joshua H. Bennett_   5/25/2023
Joshua H. Bennett    Date
*Attorney for the Halls*

Thomas M. Van Camp     Date
*Attorney for the Accessheat Parties*

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PROTECH METALS, LLC, | ) | Chapter 11 |
| | ) | Case No. 23-80078 |
| Debtor. | ) | |
| _____ | ) | |

**ORDER FIXING LAST DAY FOR FILING OBJECTIONS TO PLAN, FIXING LAST DAY FOR FILING ACCEPTANCES OR REJECTIONS OF PLAN, SETTING RECORD DATE FOR VOTING ELIGIBILITY, AND DIRECTING DEBTOR TO FILE SUMMARY OF VOTING ON PLAN**

This case is before the Court on the amended plan of Protech Metals, LLC ("Debtor") under subchapter V of title 11. ECF No. 151 (the "Plan"). The Court has considered the record and makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1) Debtor commenced this case on April 27, 2023. ECF No. 1.

2) Debtor filed the first proposed plan on July 26, 2023, ECF No. 115 (the "Original Plan"), within the period contemplated under 11 U.S.C. § 1189(b).

1

3) On August 16, 2023, the Court entered its order setting a hearing on confirmation for the Original Plan on November 7, 2023, and establishing certain deadlines and procedures, including a deadline for creditors to make an election under 11 U.S.C. § 1111(b), the deadline under Rule 4004(a) to object to discharge, and procedures for temporary allowance of claims under Rule 3018. ECF No. 127 (the "Original Scheduling Order").

4) At the hearing on November 7, 2023, Debtor's counsel requested that the Original Plan be denied, and that Debtor be allowed an additional thirty days to file a new plan.

5) On November 22, 2023, the Court entered its order denying confirmation without prejudice to Debtor filing a new plan within thirty days from entry of the order. ECF No. 145.

6) On December 22, 2023, Debtor timely filed the Plan, ECF No. 151.

NOW, THEREFORE, IT IS ORDERED, AND NOTICE IS HEREBY GIVEN THAT:

1) The deadlines and procedures in the Court's Original Scheduling Order, ECF No. 127, remain in effect except as expressly modified herein.

2) Within five days of the entry of this order ("Order"), Debtor shall serve a copy of the Order, the Plan, and a ballot form for voting on acceptances or rejection of the Plan generally conforming to Official Form 314 on all creditors, equity security

holders, and other parties in interest, including the United States Bankruptcy Administrator for the Middle District of North Carolina and the subchapter V trustee.  A certificate of service evidencing such service must be filed with the Court within two days of service of these documents.

3) The hearing on confirmation of the Plan is scheduled as follows:

DATE:     **February 9, 2024**

TIME:     **9:30 am**

LOCATION: **Second Floor Courtroom #1**

          **101 South Edgeworth Street**

          **Greensboro, NC 27401**

4) If 11 U.S.C. § 1141(d)(3) applies, Debtor shall ensure the requirements of Federal Rule of Bankruptcy Procedure 1007(b)(7) have been met prior to the hearing on confirmation of the Plan.

5) Court's previous ruling temporarily allowing under Rule 3018(a) claims as filed for the purpose of accepting or rejecting any plan filed in this case shall remain in full force and effect with respect to any future plans.

6) **January 17, 2024** is fixed as the date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan.

7) **January 31, 2024** is fixed as the last day for filing

written acceptances or rejections of the Plan. Ballots must be completed and filed with the Court on or before this date.

8) The time period under Rule 2002(b)(2) is reduced, and **January 31, 2024** is fixed as the last day for filing and serving written objections to confirmation of the Plan pursuant to Federal Rule of Bankruptcy Procedure 3020(b)(1).

9) Pursuant to Local Rule 3018-1, Debtor must file a summary of voting on the Plan with the Court not later than three business days prior to the hearing on confirmation.

[END OF DOCUMENT]

## Parties to be Served
23-80078

### Via CM/ECF

John Paul H. Cournoyer, United States Bankruptcy Administrator

Daniel C. Bruton, Trustee

Erik Mosby Harvey, Attorney for Debtor

Joshua H. Bennett, Attorney for Debtor

Thomas W. Waldrep, Jr., Attorney for AccessHeat, Inc.

Thomas M. Van Camp, Attorney for AccessHeat, Inc.

### Via US Mail

Mr. William R. Hall
9391 Aberdeen Road
Aberdeen, NC 28315

Myra Hall
9391 Aberdeen Rd
Aberdeen, NC 28315

Protech Metals, LLC
PO Box 1925
Pinehurst, NC 28374

AccessHeat, Inc.
913 N Market St, Ste 200
Wilmington, DE 19801

09/20/22

12/01/22

6:14 PM



6:14 PM

Yall never seem to be real busy hope everything is going good for you tho 😊



Thank you for the snapshot. Expect a call from the sheriffs tomorrow. Do not text me again.

✓ Delivered

6:21 PM

Don't threaten me bitch ✌ go fuck yourself



Someone's hurt 🐢



08/07/22 1:18 PM

Hey Ruth just wanted to remind you that <u>tomorrow</u> is a new week and new battles are ahead . Should have payed my vacation pay or at least provide a stable work environment . You don't know what you don't know ! See you on the field . Take care.

Hi Brian,

You have left the work place without a fair notice or making a single call or email to me or anyone at the work place except a small notepad.

Bunny advised that there is no vacation pay and you used all of it. I would suggest you let bunny know what is remaining for your vacation pays.

I hope the "battles" you're




 COPY

08/07/22                                    1:39 PM

Hi Brian,

You have left the work place without a fair notice or making a single call or email to me or anyone at the work place except a small notepad.

Bunny advised that there is no vacation pay and you used all of it. I would suggest you let bunny know what is remaining for your vacation pays.

I hope the "battles" you're referring to are not threats because I don't take them lightly little buddy.

If you want something something from Protech you clearly let us know and we will take care of it. We don't read minds so get in touch with bunny and let her know.

✓ Delivered






2:53 PM  🅼 UE UE  •                        🕐 ▼ 📶 🔋 41%

←  ( # )  (770) 630-4280                        ⌄



COPY        Keith Anderson

12/10/22 11:52 AM

We are after you. Run and Hide
well you chicken shit fuck! I am
going to fuck Ruth in the ass
right In front
Of you




you up . 06/28/22

8:23 PM

Rick was largely unwelcome at IR because of his reputation and reliability.  I maintain a close working relationship with them and me and Luis ride bikes together

8:24 PM

And we frequently go to lunch together

8:27 PM

Excellent. I need names of some of the biggest contacts that we can sell services to (for leads) and I will get them generated. Names similar to ingersoll that (with our capacity right now) we can service. Whoever they are, we will get their data legitimately and contact them for contracts.




06/28/22
9:25 PM

I have had to do alot of covering for Rick threw the years . His absence is a good thing for the company he was very counter productive.  None of the contractors wouldn't even deal with him anymore . The only people that would talk to him was walk ins that didn't know any better.  Don't worry Ruth we got this . I want to grow the company with you .

9:27 PM

I had to make a decision.  And I did I am committed to Protech its my home .

10:04 PM

I am glad to have team members like you on Protech's journey to great growth

✓ Delivered

07/06/22 10:19 PM

I sure wish we could work it out to get the land at protech maybe yall can force a sell to let his crooked ass stay out of jail . That land itself is a dam gold mine !

10:22 PM

Extortion is the word of the day and they lock people up for that all the time I would say he will learn but he's to old !!

10:23 PM

Everything will settle itself. We just need to focus on bettering the lives of our employees and keep them motivated

✓ Delivered

10:24 PM

I agree 👍

10:27 PM

With that being said I do need to offer Scott a raise he is



Q Search

Cat Customer Care T... 2022-05-15 22:16

Referral to local Cat Dealer inquiry ...
cat_info@cat.com     2022-05-15 22:05

Thank you for your Other inquiry. T...
cat_info@cat.com     2022-05-15 22:05

- Thank you for your Other inquiry. Tr...
cat_info@cat.com     2022-05-15 22:05

- Thank you for your Other inquiry. Tr...

Trac Lubricants     2022-05-11 20:55

- Re: Sample

Trac Lubricants     2022-05-11 20:55

- Re: Sample

Trac Lubricants     2022-05-11 20:55

- Re: Sample

Floyd, Dale     2022-05-10 23:41

- RE: SP368284

Floyd, Dale     2022-05-10 23:41

----
5/16/2022

Name: Harmony McDowell
Company: Protech Metals
Address: 3619 Murdocksville rd
City:West End
State/Province:
Postal Code:28370
Country: United States of America
Email: harmony@protechmetals.net
Phone: (910) 295-6905
Case Origin: Web
Reason for Contact: Other
Other Comments: My name is Harmony, I work for Protech Metals in West End N.C. We paint Cat parts. We are currently having issues sourcing a Cat approved quick dry yellow. I was reaching out to see if there was any way you could point me towards someone that could help me. The Yellow we

Please keep in mind that this is just **one** instance out of more than 50+ emails back n forth with multiple issues from paint to packing etc. None of these matters were **not once** hinted at during the due diligence.



# ROUGH RIDER SECURITY, LLC
## 3631 LAKESHORE DRIVE
## HOPE MILLS, NC 28348

**STATEMENT OF:** Sgt. Roanthony Pratt                    **Date**: 07/25/2022

On June 21, 2022, Patrick Mitchell, and I (Roanthony Pratt) conducted security detail for Mrs. Ruth Berenstein. We would pick her up from her Pinehurst address and accompany her to Protech Metals located at 3619 Murdocksville Road, West End, North Carolina. We would arrive at the business (Protech Metals) and escort her every where on the property.

Patrick, I, and Mrs. Berenstein would arrive at the property approximately 10:30 a.m. that morning. We would accompany Mrs. Berenstein about the property meeting and greeting employees. Approximately 11:00 a.m. that morning Mrs. Berenstein and Mr. William Ricky Hall would enter the main office for a meeting. Both Patrick and I would stay in the office to ensure the safety of our client Mrs. Berenstein. The meeting lasted approximately 45 minutes to and hour. The meeting would end, and Mr. Hall would depart the office without incident.

Mrs. Berenstein would hold additional meetings with the Protech Metal staff. At approximately 12:00 p.m. Mrs. Berenstein is engaged in a meeting with Mr. Brian Glenn Brewer. Patrick is sitting in the office while I was in the adjacent hallway looking into the factory's paint shop area. I could notice Mr. Hall becoming very agitated, pacing back in forth. I spoke to Mr. Patrick about Mr. Hall's concerning behavior. Mr. Hall would open the door leading to the factory's floor and allow his dog to enter. Then close the door stating something in slurred speech. Mr. Hall would continue to pace back and forth becoming obviously more agitated and speaking to himself. Mr. Hall would stop, stand still, and turn facing the door he just previously let his dog into. Walk very aggressively toward the door and enter. Mr. Hall would then approach me (Roanthony Pratt) and ask did I have a weapon. I informed him I am a NC State Certified Armed Guard. He asked for my credentials which I produced. This seemingly made Mr. Hall angrier and more aggressive. He would attempt to walk around me into the office where Mrs. Berenstein and Mr. Brewer was. With both me and Mr. Patrick standing in between Mr. Hall and Mrs. Berenstein. He yelled to Mrs. Berenstein that this was his property, and he did not allow weapons on the property. That we (Patrick and I) had to leave the property. Then Mr. Hall would yell angrily to Mrs. Berenstein that he wanted her to leave the property now! Mrs. Berenstein calmly stated to Mr. Hall that she would leave the property. We escorted Mrs. Berenstein safely off the property.

At approximately 1:30 p.m. we were informed that Mrs. Berenstein would be returning to the 3619 Murdocksville Road property. Upon arrival Mrs. Berenstein would contact Mr. Hall and ask him to depart the premises. To wit Mr. Hall stated he would not leave. Mr. William Ricky Hall would be informed that if he did not leave the premises the authorities would be called. Mr. Patrick Mitchell would stand by with Mr. Hall while the Moore County Sheriff's Office sent deputies to the location.

Mrs. Berenstein and Mr. Brian Brewer would proceed up to the main office and continue their meeting in the office. Approximately 2:00 p.m. two Moore County Sheriff's deputies would arrive on scene and contact Mr. Mitchell. Mr. Mitchell explained to the Deputies that the owner Mrs. Ruth Berenstein requested that Mr. Hall leave the business and he refuses to do so. The two deputies would come to the main office and contact Mrs. Berenstein. Mrs. Berenstein would produce all the legal paperwork proving ownership of the business. The deputies would return to Mr. Hall and escort him off the property. Mr. Hall would knowingly get into the company truck and depart the area. Mrs. Berenstein was able to finish the business of the day safely and be escorted back to her Pinehurst address.

Statement is truthful and best recollection of events occurring on 06/21/2022 utilizing texts, notes, billing statements and discussions.

Roanthony Pratt

Owner, Pratt Security Services LLC

Operations Sgt., Rough Rider Security LLC

910-709-1973



# INVOICE



*Rough Rider Security, LLC*

Date: 06/20/2022
INVOICE # 01

| Owner | Job | Payment Terms | Due Date |
|---|---|---|---|
| Patrick Mitchell | Security | | 06/30/2022 |

| Description of Work | Hours | Rate | Line Total |
|---|---|---|---|
| Labor: one armed guard | $50.00 | | |
| Vehicle | $50.00 | | |
| Note: | | | |
| | | | |
| | | Total | |

Note: This Invoice covers all services rendered 06/20/2022 – 05/22/2022

***Thank you for your business!***

Rough Rider Security, LLC Hope Mills, NC 28304 Phone: (910) 309-0457 Roughrider@no-trespaass.com

## MISCELLANEOUS CREDITS

| Date | Amount | Activity Description |
|------|--------|----------------------|
| 6/09 | 3,450.00 | INGERSOLL-RAND I/PAYMENTS 480501365 PROTECH METALS LLC |
| 6/14 | 20,161.02 | INGERSOLL-RAND I/PAYMENTS 340231278 PROTECH METALS LLC |
| 6/16 | 25,834.89 | DEPOSIT |
| 6/17 | 16,429.23 | TRANSFER FROM SV XX2220 Funds Transfer via Online |