> If you'd be open to a conversation, we would love to discuss the potential with you.
>
> Sincerely,
>
> **Mark Cohen - Operations & Strategy Director**
> mark.cohen@generalhealthgroup.com
> GeneralHealth Group Inc
> Central Europe Office: +41 44 551 98 67
> U.S. Office: +1 917 789 5058
>
> UNSUBSCRIBE

**3 attachments**


**P&L 2020.zip**
923K


**P&L 2021.zip**
752K


**P&L 2022.zip**
121K

---

**Mark Cohen** <mark.cohen@generalhealthgroup.com>  Mon, Oct 3, 2022 at 2:37 AM
To: Michel <michelneret@usa.net>
Cc: Lesly Lopez <lesly.lopez@generalhealthgroup.com>
Bcc: 21397640@bcc.hubspot.com

Hi Dr. Neret,

Kindly see the attached expression of interest and let me know if you have any questions;

Please note that EBITDA means (in most cases) the net profitability of the business.

Kindly confirm receipt of this email at your convenience.

Best Regards,

**Mark Cohen - Operations & Strategy Director**
GeneralHealth Group Inc
U.S. Office: +1 917-789-5058
C.E. Office: +41 44 551 98 67
mark.cohen@generalhealthgroup.com


On Mon, Sep 26, 2022 at 7:38 AM Michel <michelneret@usa.net> wrote:
> Hello Mark, I am sending you the preliminary non official financial reports, if, after checking this numbers out you still decide you want to proceed then I can send you the official reports, no need to waste both of our time, thanks

[Quoted text hidden]


**LOI-Michael Neret, MD.docx**
18K

**Michael Neret** <michelneret@usa.net>  Wed, Oct 5, 2022 at 2:06 PM
To: Mark Cohen <mark.cohen@generalhealthgroup.com>

Hello Mark, when could we talk, I have some questions I don't understand, let me know thx
M. Neret MD

> On Oct 3, 2022, at 1:38 AM, Mark Cohen <mark.cohen@generalhealthgroup.com> wrote:

[Quoted text hidden]

 **LOI-Michael Neret, MD.docx**
18K

---

**Mark Cohen** <mark.cohen@generalhealthgroup.com>  Mon, May 1, 2023 at 2:48 PM
To: Michel <michelneret@usa.net>
Cc: Mark Cohen <mark.cohen@generalhealthgroup.com>

Here is the original email attached with the information deck that disclosed Ms Berenstein pre-marital name with a full photo as well as the other partners.

[Quoted text hidden]
--




Sender notified by
Mailtrack

---

**Mailtrack Reminder** <reminders@mailtrack.io>  Tue, May 2, 2023 at 2:48 PM
Reply-To: michelneret@usa.net, mark.cohen@generalhealthgroup.com
To: mark.cohen@generalhealthgroup.com

⚠ Your email to michelneret@usa.net has not been opened yet. Snooze for 24H, 48H or 72H (disable)

## SETTLEMENT AGREEMENT and RELEASE

This Mutual Release and Settlement Agreement (hereinafter "**AGREEMENT**") is dated this 1st day of March 2024 ("**EFFECTIVE DATE**") and is entered into by and between: Gerard Aylward and Dr. Gerard J. Aylward Orthodontics, P.C. (hereinafter collectively "**AYLWARD**") and GeneralHealth Group, Inc. General Health Group of Illinois, LLC, Lesly Lopez a/k/a Ruth Berenstein, Mordecai Gal a/k/a Mark Cohen (hereinafter collectively "**GHG**")

**AYLWARD** and **GHG** are hereinafter collectively the "**PARTIES**" or separately as "**PARTY**".

### A. RECITALS

1. **AYLWARD** and **GHG** desire to compromise, settle and forever resolve and dispose of all lawsuits, court or administrative actions, disputes, and any and all other potential disputes, claims and/or controversies between themselves, whether all possible claims and/or damages, up to and including the **Effective Date** of this Agreement, are known or not yet known.

2. **PARTIES** individually and jointly agree that this **AGREEMENT** represents and constitutes a complete, unlimited settlement and release of all disputed claims or issues asserted by **PARTIES** with regard to the matters described in this **AGREEMENT**.

3. By entering into this **AGREEMENT**, no **PARTY** admits the existence of any wrongdoing or acknowledges the accuracy or correctness of any allegation or claim made against that **PARTY**.

4. **PARTIES** individually and jointly intend the terms and conditions of this **AGREEMENT** to govern all issues related to any and all filed or potential legal claims and/or litigation involving the **PARTIES**.

5. On or about October 13, 2021, the **PARTIES** signed a document identified as a Management Services Agreement ("MSA"). In the MSA, **GHG** agreed to pay **AYLWARD** a "Fee" in an amount equal to 30% of EBITDA (earnings before interest, taxes, depreciation and amortization) on a quarterly basis.

6. On or about October 13, 2021, the **PARTIES** signed a document identified as Asset Purchase Agreement ("APA").

7. Lesly Lopez a/k/a Ruth Berenstein, signed a promissory note with respect to the above Asset Purchase Agreement.

8. On or about October 13, 2021, a Common Stock Purchase Agreement was signed by Lesly Lopez and Gerard J. Aylward.

9. On or about January 29, 2023, a Common Stock Issuance Agreement was signed by Gerard Aylward.

10. In 2021, an Employment Agreement for Dr. Gerard Aylward was prepared by GHG and was signed by the **PARTIES**.

1 out of 6 _mg_ _GA_ Initial RB

11. In 2021, a Bill of Sale and Assignment was prepared by GHG.

12. It is the intent of the PARTIES to settle the claims set forth in the lawsuit titled *Gerard Aylward and Dr. Gerard J. Aylward Orthodontics, P.C. v. Generalhealth Group, Inc., Generalhealthgroup of Illinois, OOC, Lesly Lopez a/k/a Ruth Berenstein and Mark Cohen, as an employee of Generalhealth Group, Inc.,* under Docket Number 2023 CH 04986 filed in the Chancery Division of the Circuit Court of Cook County.

### B. STATEMENTS of AGREEMENT

The following statements, promises and assurances are agreed to by each of the **PARTIES** and are binding on each of the **PARTIES** as follows:

1. the Asset Purchase Agreement is voided and rescinded;

2. the Management Services Agreement is voided and rescinded;

3. the Stock Purchase Agreement and/or Common Stock Issuance Agreement is voided and rescinded;

4. the employment agreement with Gerard Aylward is voided and rescinded;

5. the Bill of Sale and Assignment is voided and rescinded;

6. each and every other document or communication purporting to show or suggest any agreement between or among the **PARTIES** with respect to any matter pertaining to any aspect of the operation, finances, assets, ownership, control or existence of Dr. Gerard J. Aylward Orthodontics, P.C. is voided and rescinded, whether or not such document or communication is specifically identified or referenced;

7. each and every contract, agreement and other business relationship between or with any of the PARTIES is immediately terminated and rescinded, and to that end, all legal and equitable relief sought by AYLWARD in Cook County, Illinois lawsuit 2023 CH 04986 shall be granted and stated in a permanent and final order of the Court, with the exception that no monetary payments of any kind are required to be paid by GeneralHealth Group, Inc., GeneralHeath Group of Illinois, LLC, Lesly Lopez a/k/a Ruth Berenstein or Mordecai Gal a/k/a Mark Cohen, and no monetary payments of any kind are required to be paid by Gerry Aylward, Dr. Gerard J. Aylward Orthodontics, P.C., Chicagoland 4 Braces, Aylward Enterprises, Inc., or Linda Aylward;

8. the Court order terminating and rescinding all contracts, agreements and business dealings among the PARTIES in furtherance of the promises and recitations set forth in this AGREEMENT shall be submitted to the Court no later than three (3) business days after the EFFECTIVE DATE of this AGREEMENT. Said Court order shall be final, and any right to appeal or otherwise contest this order shall permanently expire seven (7) days after entry of that Court order;

9. **GHG** has never at any time had any interest in the entity known as **Chicagoland 4 Braces**, or any right to use or control the name of that entity, any asset of that entity, or any operation of that entity, and GHG agrees it has no permission to in any way use the name or other

assets of Chicagoland 4 Braces, and GHG will not in the present or future use the name or other assets of Chicagoland 4 Braces;

10. **GHG** has never at any time had any interest in the entity known as **Aylward Enterprises, Inc.**, or any right to use or control the name of that entity, any asset of that entity, or any operation of that entity, and GHG agrees it has no permission to in any way use the name or other assets of Aylward Enterprises, Inc., and GHG will not in the present or future use the name or other assets of Aylward Enterprises, Inc.;

11. **GHG** has no interest, authority or permission to use the business address of 222 Plum Grove Rd., Palatine, Illinois, 60067.

12. There is no liability on the part of Linda Aylward for anything she may have said or done, or not done, in connection with anything relating to any of the **PARTIES** or the operation of the Dr. Gerard J. Aylward Orthodontics, P.C. or Chicagoland 4 Braces, and any such possible claim or legal or administrative action against Linda Aylward, whether such claim, action or possible damages is presently known, or if it becomes known at any point in the future, is totally and permanently waived and barred;

13. **GHG** has no interest, authority, ownership, permission or other right to access, use, interrupt or otherwise interfere or be involved with any website, social media connection, computer equipment, electronic or internet connection, patient-related data, insurance or payor data, or other information stored in, or otherwise available through any of the foregoing, that is in any way associated with **AYLWARD**, Chicagoland 4 Braces, or Linda Aylward;

14. GeneralHealth Group, Inc., GeneralHeath Group of Illinois, LLC, Lesly Lopez a/k/a Ruth Berenstein or Mordecai Gal a/k/a Mark Cohen do not have any information, and do not contend, that Dr. Gerry Aylward, Dr. Gerard J. Aylward Orthodontics, P.C., Chicagoland 4 Braces, or any aspect of the professional practice with which Dr. Aylward was associated, in any way acted or performed in an unprofessional, improper or illegal manner, or violated any professional ethics or governmental regulation;

15. Each of the **PARTIES** are responsible for payment of all taxes of any nature applicable to their respective entities.

### C. MUTUAL RELEASES

1. **AYLWARD's release.** In exchange for the consideration set forth above, ALYWARD's and their respective heirs, attorneys, representatives, executors, administrators, successors and assigns (collectively the "AYLWARD RELEASE PARTIES"), hereby releases, remises and forever discharges GHG, and each of the shareholders, directors, officers, employees, independent contractors, advisors, attorneys and agents of GHG and each of their affiliates, parent entities, subsidiaries, successors and assigns (collectively the "GHG RELEASE PARTIES"), from any and all liabilities, claims, obligations, actions, cause of action, suits at law or in equity of whatever kind or nature, debts, dues, sums of money, compensation, distributions, benefits, accounts, reckonings, bonds, bills, profits, specialties, covenants, contracts, controversies, agreements, rights upon dissociation, promises, occurrences,

trespasses, judgments, verdicts, liens, payments, damages, costs, attorneys' fees, expenses and demand of any kind or nature, including without limitation, any and all claims and obligations under the agreements which are the subject of this Agreement (collectively "AYLWARD'S CLAIMS") which they may have or may have had, known or unknown, fixed or contingent, from the beginning of the world to and including the Effective Date of this Agreement.

2. **GHG's release.** In conformance with their obligations and duties under this Agreement, and other good and sufficient consideration agreed to by the parties herein, GHG for themselves, including their officers, directors, shareholders, employees, agents, and their respective heirs, attorneys, representatives, executors, administrators, successors and assigns (collectively the "GHG RELEASE PARTIES"), hereby releases, remises and forever discharges AYLWARD, and their respective heirs, attorneys, representatives, executors, administrator, employees, independent contractors, agents, successors and assigns (collectively the "AYLWARD RELEASE PARTIES"), from any and all liabilities, claims, obligations, actions, cause of action, suits at law or in equity of whatever kind or nature, debts, dues, sums of money, compensation, distributions, benefits, accounts, reckonings, bonds, bills, profits, specialties, covenants, contracts, controversies, agreements, rights upon dissociation, promises, occurrences, trespasses, judgments, verdicts, liens, payments, damages, costs, attorneys' fees, expenses and demand of any kind or nature, including without limitation, any and all claims and obligations under the agreements which are the subject of this Agreement which they may have or may have had, known or unknown, fixed or contingent, from the beginning of the world to and including the Effective Date of this Agreement.

3. In addition to all other obligations contained in this Agreement, AYLWARD RELEASE PARTIES and the GHG RELEASE PARTIES agree that they will not initiate, bring or prosecute any suit or action against the other Party in any federal, state, county or municipal court, with respect to any of the Claims released in this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall preclude either Party from bringing suit to enforce the provisions of this Agreement.

### D.   MISCELLANEOUS

This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois. The Parties, and each and every Party, hereby agrees that the Circuit Court County of Cook, State of Illinois, shall have exclusive jurisdiction with respect to any action or proceeding arising out of or relating to this Agreement, and in the event of any 'conflict of laws' issue, the law of the State of Illinois shall be the sole source of resolving any such conflict, regardless of the residence or domicile of any individual or entity, subject or asset in the matter.

This Agreement contains the entire understanding of the parties and there are no further or other agreements or understandings, written or oral, in effect between and among the Parties relating to the subject matter hereof, except as expressly referred to herein.

Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be held to be

prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

GeneralHealth Group, Inc and GeneralHealth Group of Illinois, LLC state and acknowledge they have each taken appropriate corporate action to permit authorized individuals to enter into this Agreement, make each of the binding admissions and agreements stated in this Agreement. Further, that Lesly Lopez a/k/a Ruth Berenstein is the person authorized to sign and bind GeneralHealth Group, Inc and GeneralHealth Group of Illinois, LLC.

THE PARTIES STATE THAT THEY HAVE READ AND UNDERSTAND THE FOREGOING, THAT THEY HAVE AVAILED THEMSELVES OF AVAILABLE LEGAL CONSULTATION TO UNDERSTAND EACH TERM AND CONDITION SET FORTH THEREIN AND THE IMPLICATIONS THEREOF, AND THAT THEY VOLUNTARILY INTEND TO BE BOUND THERETO.

**GeneralHealth Group, Inc,**
Name: Ruth Berenstein
Title: Managing Director
Address: 244 5th Ave, L270
New York, NY, 10001
Signature: *Ruth Berenstein*
Date: 01-04-2024

**Generalhealthgroup of Illinois, LLC**
Name: Ruth Berenstein
Title: Managing Director
Address: 11900 Southwest Highway
Ste 204, Palos Park, IL, 60464
Signature: *Ruth Berenstein*
Date: 01-04-2024

**Ruth Berenstein**
Name: Ruth Berenstein
Address: 244 5th Ave, L270
New York, NY, 10001
Signature: *Ruth Berenstein*
Date: 01-04-2024

**Mordecai Gal**
Name: Mordecai Gal
Address: 55 Village Center Place
Mississauga, ONT, L4Z1V9
Signature: *M. Gal*
Date: Apr 1st, 2024

**Gerard Aylward**

Name: GERARD AYLWARD
Address: 249 KIMBERLY ROAD
NORTH BARRINGTON IL 60010
Signature: *Gerard Aylward*
Date: APRIL 1ST 2024


**Dr. Gerard J. Aylward Orthodontics, P.C.**

Name: GERARD J AYLWARD
Title: PRESIDENT
Address: 222 N. PLUM GROVE ROAD
PALATINE, IL 60067
Signature: *Gerard Aylward*
Date: APRIL 1ST 2024

6 out of 6 *mg* _____ Initial

 

**Dr. David Kozal**
(708) 602-6888

Got it . This is for both us . I am not going in until we go together and talk and see what we both want to do as friends. This isn't a threat . I was just saying that in case they order you for what? I don't know ... to protect yourself and me. We go together. Nothing else . Got it . I simply don't trust them . They lie to you , me , Gerry , the other doctors who called . Say the same, They can't be trusted. Got it . Our protection for time being. Chief !

1:20 PM                                    Received

Reply                              Delete

FILED
5/24/2023 4:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04986
Calendar, 4
22870203

FILED DATE: 5/24/2023 4:16 PM   2023CH04986

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| GERARD AYLWARD and DR. GERARD J. AYLWARD ORTHODONTICS, P.C., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | No:   23 CH 04986 |
| GENERALHEALTH GROUP, INC., GENERALHEALTHGROUP OF ILLINOIS, LLC, LESLY LOPEZ a/k/a RUTH BERENSTEIN, and MARK COHEN, as an employee or agent of GENERALHEALTH GROUP, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION REQUESTING ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

NOW COMES Plaintiffs GERARD AYLWARD and DR. GERARD J. AYLWARD ORTHODONTICS, PC, by their attorneys Carl M. Schultz of HOLY & SCHULTZ, LLC, and Dave Louhgnane of LOUGHNANE LAW, and for their Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction pursuant to 735 ILCS 5/11-101 and 735 ILCS 5/11-102, states the following:

**INTRODUCTION**

This is an emergency because orthodontic patients are at risk of suffering irreparable harm from interrupted or disrupted care.  Defendants, a management services company, responsible for the practice checkbook have failed to pay bills for vendors, including for orthodontic supplies and equipment needed to treat patients; failed to make payroll for office staff, including the orthodontists, assistants and clerical personnel; and Defendants failed to pay the rent this month

and have failed to pay the increase in rent since January. Immediate court action is necessary to keep the practice open and maintain continuity of undisrupted care to patients.

The necessary immediate relief is a Temporary Restraining Order:

- to allow plaintiffs to use incoming patient and insurance payments to pay outstanding bills to vendors, suppliers and landlord;

- to allow plaintiffs to use incoming patient and insurance payments to pay wages owed staff; and

- to freeze the Bank of America Account Number xxxxxxxx4845 which is the operating account controlled by Defendants from which the bills and wages were to be paid, until a full accounting and full hearing can be heard on the matter.

Preliminary injunctive relief is imperative to preserve the status quo to protect both the continuity of patient care by keeping the practice open and operational without interruption or interference.

## NATURE OF ACTION

In addition to the emergency relief sought for the continuity of patient care, this action seeks a preliminary injunction and a declaratory judgment rescinding all agreements between the parties, return the parties to their position prior to entering the agreements, and request a court determination that all agreements with defendants including the Management Services Agreement and Asset Purchase Agreement are void and unenforceable agreements under the Illinois Dental Practice Act (225 ILCS 25/44), Illinois Professional Practice Act (805 ILCS 10/3.4, Illinois Professional Limited Liability Company Practice Act (805 ILCS 185/13) and prevailing caselaw.

Plaintiffs relied on Defendants to be compliant with all applicable laws and regulations and expressly relied upon Defendants to handle all such compliance issues because Defendants held themselves out as contracting with other providers in Illinois and across numerous states.

**TEMPORARY RESTAINING ORDER**

To obtain a TRO or preliminary injunction, a party must establish facts showing that (1) it has a protected right, (2) it will suffer irreparable harm absent injunctive relief, (3) its remedy at law is inadequate, and (4) there is a likelihood of success on the merits. *Bradford v. Wynstone Property Owners' Ass'n*, 355 Ill.App.3d 736, 739, 823 N.E.1166, 1169 (1st Dist. 2005). The party seeking such relief is not required to establish a case showing that it is entitled to relief on the merits, but rather need show only a fair question of the existence of the right and that the court should preserve the status quo until it can decide the case on the merits. *In re Estate of Wilson*, 373 Ill.App.3d 1066, 1076, 869 N.E.2d 824 (1st Dist. 2007).

In this case, plaintiffs have a protected right as party to the agreement. The orthodontics practice through its employees and the practice's patients will suffer irreparable harm by causing interruption to patient care and to the providers of the needed patient services. The remedy at law is inadequate because it is not certain that monies already transferred into the account controlled by defendants will ever be recovered, and payments for outstanding bills need to be rectified immediately to keep patient care from being disrupted. The most expedient remedy is to allow plaintiffs to use incoming patient and insurance payments to pay outstanding bills and wages so that patient care may continue uninterrupted.

Moreover, there is a likelihood of success on the merits in that Illinois caselaw squarely repudiates these types of agreements and intervenes on behalf of the safety of patients and the uninterrupted continuity of their healthcare.

As set forth in the facts statement above, and verified by Dr. Aylward, Plaintiff, Dr. Aylward is a licensed Orthodontist. He has been practicing for 40 years and in Palatine at 222 N. Plum Grove Road for 23 years. His practice employs 5 people. The practice sees approximately 120 patients per week. On October 13, 2021, the practice entered into an agreement for management services (and other agreements) with GeneralHealth Group, Inc., "GHG" a New York based, company incorporated in Florida. After a transition period, the operation of the practice was handed over to GHG on May 1, 2022. Since that time GHG has failed to perform the agreed to services, including failing to pay employees, failing to pay vendors and suppliers, and failing to pay rent on the office practice space. These gross breaches are putting patient care and welfare in jeopardy.

Defendants have financially taken control of plaintiffs' orthodontic practice, failed to make payroll and have amassed significant outstanding vendor bills, totaling $106,824.78, not including the unpaid wages. At the same time more than $840,000 of revenue has flowed into an account at Chase Bank and subsequently after May 1, 2023, into an account at Bank of America controlled by defendants.

WHEREFORE, Plaintiffs', GERARD J. AYLWARD AND DR. GERARD J. AYLWARD ORTHODONTICS, P.C., requests that this Court issue a Temporary Restraining Order:

- to allow plaintiffs to use incoming patient and insurance payments to pay bills and salaries currently in arrears;

- freezing the Bank of America Account Number xxxxxxxx4845 that Defendants control until a full accounting and full hearing can be heard on the matter;

- enjoining the defendants from access to the Bank of America operating account and allowing plaintiffs to utilize funds in the account to pay employees and outstanding bills is

4

necessary to preserve this Court's ability to provide full and effective relief after before considering plaintiffs' motion for a preliminary injunction;

- prohibiting defendants, their employees, or agents from communicating with plaintiffs' patients, staff, vendors or landlord;

And any and all other relief this Court deems is just and equitable.

## **PRELIMINARY INJUCTION**

Furthermore, the agreements with defendants must be declared void and unenforceable. Plaintiffs had relied on defendants' assurances that the agreements were in line with applicable laws and rules related to the practice of dentistry in Illinois. Dr. Aylward entered into business agreements with GHG in reliance that GHG was well versed in the prohibition of practicing corporate medicine/dentistry without a license and the prohibition of fee splitting and had experience staying above the law on these issues. Unfortunately, this reliance was misplaced, and the clear resolution to both the illegal agreements and the irreparable harm that patients will suffer if defendants continue to run the practice, is to rescind the agreements and return the parties to the their pre-agreement state.

The agreements are illegal and void under Illinois Law. GHG and its fee sharing agreement violates the corporate practice of dentistry rules. Illinois Dental Practice Act (225 ILCS 25/44), Illinois Professional Practice Act (805 ILCS 10/3.4, Illinois Professional Limited Liability Company Practice Act (805 ILCS 185/13) and prevailing caselaw.

The court in *Orthodontic Centers of Illinois, Inc. v. Michaels,* a federal northern district case applying Illinois law, held similar agreements illegal, void and unenforceable. *Orthodontic Centers of Illinois, Inc. v. Michaels*, 403 F.Supp.2d 690 (2005). The public policy arguments underlying this analysis has its roots in the Medical Practice Act. *Berlin v. Sarah Bush Lincoln*

5

*Health Center*, 179 Ill.2d 1, 688 N.E.2d 106, 110 (1997), reasoning that the public policy argument is that there are inherent dangers of lay control over professional judgment, such as the division of the physician's loyalty between his patient and his profitmaking employer. Also, see: *Carter-Shields v. Alton Health Institute*, 201 Ill.2d 441, 777 N.E.2d 948, 957 (2002), holding, the proscription against the corporate practice of medicine is, at root, animated by the public policy purpose of safeguarding the public health and welfare by protecting the physician-patient relationship from lay interference with the physician's professional judgment.

Under Illinois law, "when a statute declares that it shall be unlawful to perform an act and imposes a penalty for its violation, contracts for the performance of an act are void and incapable of enforcement" *Aste v. Metro. Life Ins. Co.,* 312 Ill.App.3d 972, 980, 728 N.E.2d 629, 635 (1st Dist. 2000); *Orthodontic Centers of Illinois, Inc. v. Michaels*, 403 F.Supp.2d 690, 699 (2005).

Here, the 70/30 split of fees clearly violates the statutory scheme and Illinois public policy. The agreements should be declared void, unenforceable and the parties should be returned to their relative positions prior to the agreement. Almost without exception, parties to such a void contract will be left where they have placed themselves. *Id.* (citing: *Broverman v. City of Taylorville,* 64 Ill.App.3d 522, 527, 381 N.E.2d 373, 376 (5th Dist.1978)).

WHEREFORE, Plaintiffs', GERARD J. AYLWARD AND DR. GERARD J. AYLWARD ORTHODONTICS, P.C., requests that this Court issue a ruling that the Agreements between plaintiffs and defendants are found to be illegal and therefore void and unenforceable and a preliminary injunction that the agreements are rescinded returning the parties to the status of the parties prior to the agreements, and for all or any additional relief this Court deems just and appropriate.